[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14014
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00020-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANY GABRIEL RODRIGUEZ-ORO,
a.k.a. Giovany Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 17, 2015)

Before TJOFLAT, HULL, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Giovany Gabriel Rodriguez-Oro pleaded guilty to reentry of a

deported alien, in violation of 8 U.S.C. § 1326(a), and the District Court sentenced him to time served[1] and a one-year term of supervised release. In imposing sentence, the court stated that, despite the fact that Rodriguez-Oro was subject to deportation, a term of supervised release was appropriate because the threat of prosecution upon any future reentry would not be a sufficient deterrent due to the fact that "there are 15 million or so illegal aliens in the United States right now who are not being prosecuted." Rodriguez-Oro appeals his sentence, arguing that the imposition of the one-year term of supervised release is procedurally and substantively unreasonable.

We review a district court's imposition of supervised release for abuse of discretion. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). We review the substantive reasonableness of the term of supervised release for abuse of discretion, after ensuring that the term is procedurally reasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

Under 18 U.S.C. § 3583, a district court may impose a term of supervised release as part of its sentence. 18 U.S.C. § 3583(a). In determining whether to include such a term, the length of the term and the conditions of the release, the court "shall consider the factors set forth in [18 U.S.C. §§] 3553 (a)(1), (a)(2)(B),

---

[1] The presentence investigation report ("PSI") fixed Rodriguez-Oro's total offense level at 6, *see* U.S.S.G. §§ 2L1.2 and 3E1.1(a), and his criminal history category at I. This yielded a sentence range of zero to six months' imprisonment and a supervised release term of up to one year. Neither party objected to the PSI's factual recitations or sentence range calculation.

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* 3583(c).  These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range; the pertinent policy statements of the Sentencing Commission; and the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, and avoid unwarranted sentencing disparities.

Under U.S.S.G. § 5D1.1, the court may order a term of supervised release when such a term is not required by statute and the court does not order a term of imprisonment of more than one year.  U.S.S.G. § 5D1.1(a)–(b).  However, when the defendant is an alien likely to be deported after imprisonment, the court "ordinarily should not impose a term of supervised release." *Id.* § 5D1.1(c).  The application notes explain:

> Unless such a defendant legally returns to the United States, supervised release is unnecessary.  If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

*Id.* cmt. n.5.

A sentence is procedurally unreasonable if the court erred in calculating the Guidelines sentence range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly

3

erroneous facts, or failed to adequately explain the sentence. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).

Although the Sentencing Guidelines are advisory, the court must treat them as the "'starting point and the initial benchmark.'" *Kimbrough v. United States*, 552 U.S. 85, 108, 128 S.Ct. 558, 574, 169 L. Ed. 2d 481 (2007) (quoting *Gall*, 552 U.S. at 49, 128 S. Ct. at 596). The Supreme Court has recognized that the Sentencing Commission has the capacity courts lack to "base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108–09, 128 S.Ct. at 574 (quotation marks omitted). On the other hand, the sentencing judge has greater familiarity with the individual case and individual defendant and is in a superior position to find facts and weigh their import under the instructions set out in § 3553(a). *Id.* at 109, 128 S.Ct. at 574. Given these institutional strengths, the Supreme Court has stated that a district judge's decision to vary from the Guidelines sentence range may attract greatest respect when the judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply," while closer review may be in order when the judge varies from the Guidelines based solely on the view that the Guidelines sentence range "'fails properly to reflect § 3553(a) considerations' even in a mine-run case." *Id.* at 109, 128 S.Ct. at 574–75 (quoting

4

*Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465, 168 L. Ed. 2d 203 (2007)).

We conclude that the District Court committed procedural error in imposing the one-year term of supervised release.  First, the sole fact the court cited for the imposition lacked evidentiary support.  *Cf. Livesay*, 525 F.3d at 1091.  The court found that Rodriguez-Oro would likely not be prosecuted upon any future reentry based solely upon the number of illegal aliens in the United States who are not being prosecuted.  The record, including the PSI, contains nothing to support that fact.

Second, we find nothing in the record indicating that the court considered the applicable 18 U.S.C. § 3553(a) factors or explained why the recommendation of U.S.S.G. § 5D1.1(c) should not be followed.  *Cf. Livesay*, 525 F.3d at 1090–91; U.S.S.G. § 5D1.1(c).  The court's reason for imposing supervised release therefore appears not to have been based on any § 3553(a) factor or any fact specific to Rodriguez-Oro's case, but, instead, on a factually unsupported disagreement with the underlying premise of the relevant Guidelines provision.

Accordingly, we vacate Rodriguez-Oro's sentence and remand for resentencing.[2]

VACATED AND REMANDED.

---

[2]  Rodriguez-Oro's motion for leave to file a reply brief out-of-time is granted.